UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
----------------------------------------------------------------X
VISA COMMODITIES AG,

                Petitioner,

      -against-

BLUESTONE COAL SALES CORPORATION,

                Respondent.
----------------------------------------------------------------X

Civil Action No. 722cv00302

**VERIFIED PETITION TO RECOGNIZE, CONFIRM AND ENFORCE FOREIGN ARBITRAL AWARD**

Petitioner, VISA Commodities AG ("VCAG" or "Petitioner"), by and through its attorneys, Clyde & Co US LLP, allege and aver the following in support of their petition for entry of an order pursuant to Chapter 2 of the Foreign Arbitration Act (the "FAA"): (i) confirming and recognizing the April 7, 2022, Final Award (the "Final Award"), in the arbitration between Petitioner and Respondent, Bluestone Coal Sales Corporation ("Bluestone," and collectively with VCAG, the "Parties"), captioned *VISA COMMODITIES AG v. BLUESTONE COAL SALES CORPORATION*;  (ii) entering judgment in Petitioner's favor against Bluestone in the amount of the Final Award with pre-award and post-award interest provided therein, plus the costs of this proceeding; and (iii) awarding Petitioner such other and further relief as this court deems just and proper.

**PARTIES, JURISDICTION AND VENUE**

1. Petitioner is a corporation organized and existing under the laws of Switzerland. Petitioner's principal place of business is Aegeristrasse 48, 6300 Zug, Switzerland.

2. Upon information and belief, Bluestone is a Delaware corporation with its principal place of business at 302 S. Jefferson Street, Roanoke, Virginia 24011.

3. This Court has subject matter jurisdiction over this action pursuant to 9 U.S.C. § 203 because it is an action seeking recognition and enforcement of a foreign arbitral award under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 201 *et seq.* ("the New York Convention"). Moreover, the New York Convention applies to the Final Award because the Final Award arises from a legal relationship that is commercial and involves foreign citizens and performance abroad. 9 U.S.C. § 202.

4. In addition, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00.

5. Venue is proper in this District pursuant to 9 U.S.C. § 204, in that, save for the arbitration agreement, an action or proceeding with respect to the controversy between the parties could have been brought in this district.

6. Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(c) and (d), in that the respondent is subject to the Court's personal jurisdiction.

## FACTUAL BACKGROUND

7. On November 23, 2020, Petitioner (as Buyer) and Bluestone (as Seller) entered into a Sale and Purchase Agreement (the "SPA") for the sale and purchase of approximately 70,000 MT of Green Ridge Low Vol Coking Coal of US Origin (the "Coal").

8. Bluestone failed to supply the Coal within the stipulated delivery period and the Parties thereafter entered into a Settlement Agreement dated April 22, 2021. (A true and accurate

certified copy of the Settlement Agreement is annexed to the attached Declaration of Tara Smith as **Exhibit A**).

9. The terms of the Settlement Agreement provide in part:

> *1.2.1 BLUESTONE shall pay to [VCAG] the sum of United States Dollars One Million Five Hundred Thousand ((USD1,500,000.00) (the "Settlement Amount") in accordance with the mechanism set out herein below in full and final settlement of all claims and disputes between the parties relating to and/or arising out of the [SPA].*
>
> *1.2.2 BLUESTONE shall pay the Settlement Amount to [VCAG] in three instalments as follows: (i) The first instalment of United States Dollars Five Hundred Thousand (USD500,000.00) (the "First Instalment") shall be paid no later than 31st May 2021 to the following bank account free of bank charges and without any discount, set-off or deduction: . . . (ii) The second instalment of United States Dollars Five Hundred Thousand (USD 500,000.00) (the "Second Instalment") shall be paid by no later than 30th June 2021 to the bank account specified at Clause 1.2.2(i) above free of bank charges and without any discount, set-off or deduction. (iii) The third instalment of United States Dollars Five Hundred Thousand (USD500,000.00) (the "Third Instalment") shall be paid by no later than 30th July 2021 to the bank account specified at Clause 1.2.2(i) above free of bank charges and without any discount, set-off or deduction.*

10. Clause 11 of the Settlement Agreement contains an Arbitration Clause providing as follows:

> *11. GOVERNING LAW AND DISPUTE RESOLUTION*
>
> *This Settlement Agreement shall be governed by English Law. Any dispute arising out of or in connection with this Settlement Agreement, including any question regarding its existence, validity or termination, shall be referred to and finally resolved by arbitration administered by London Court of International Arbitration in accordance with the Arbitration Rules of the LCIA for the time being in form, which rules are deemed to be incorporated by reference in this clause. The seat and venue of the arbitration shall be London. The Tribunal shall consist of a sole arbitrator. The language of the arbitration shall be English.*

11.     To date, Petitioner has not received any payments pursuant to the Settlement Agreement.

12.     Petitioner sent Bluestone requests for performance of the Settlement Agreement, culminating in a "final demand" letter dated September 14, 2021. The letter cautioned Bluestone that failure to pay by September 21, 2021 would result in legal action taken against them, including commencement of arbitration under the Settlement Agreement.

13.     After Bluestone failed to make payment or otherwise respond to the final demand letter, Petitioner commenced arbitration against Bluestone by filing a Request for Arbitration on October 6, 2021, in the London Court of International Arbitration ("LCIA").

14.     On October 7, 2021, the LCIA directed the Parties to pay an initial Advance Payment for costs in the amount of GBP 5,000 (the "Advance") from each by no later than October 14, 2021. Bluestone never made this Advance Payment.

15.     Bluestone initially participated in the arbitration by submitting a Response to the Request for Arbitration (the "Initial Response") on November 18, 2021, as set out in full below:

> *This dispute arises from a failed contractual relationship between the parties regarding a coal transaction. The dispute was settled, and a Settlement Agreement was executed. Respondent acknowledges the Settlement Agreement's arbitration provision and consents to the arbitration before this tribunal. Respondent disputes the claimed damages.*

16.     On December 9, 2021, the LCIA notified the parties that the LCIA had appointed the Tribunal consisting of a sole arbitrator, Genevieve Poirier (the "Sole Arbitrator"). In the same communication, the LCIA notified Bluestone that they had 28 days from that date to deliver either its written election to have their Initial Response treated as its Statement of Defense or to file a separate written Statement of Defense and/or Statement of Counterclaim.

17. Following the filing of the Initial Response, Bluestone failed to participate in the arbitration despite repeated demands and instruction from the Sole Arbitrator and Petitioner to prompt Bluestone's participation.

18. The Sole Arbitrator emailed the Parties on December 13, 2021, and again on December 21, 2021, seeking to establish an agreed procedural timetable for the arbitration. However, Bluestone failed to respond to either communication.

19. On January 10, 2022, the LCIA notified the Parties that Bluestone had failed to make the Advance Payment and directed Petitioner to meet the Respondent's share (GBP 5,000), per LCIA rules. That same day, Petitioner moved to have the Sole Arbitrator proceed with issuing a final award, citing Bluestone's recognition of the Settlement Agreement in their Initial Response and subsequent non-participation in the arbitration.

20. On January 12, 2022, the Sole Arbitrator wrote to the parties by email and recorded delivery, requesting Bluestone indicate their intentions to participate in the arbitration by no later than January 21, 2022, advising Bluestone of Petitioner's request to the Sole Arbitrator for a Final Award, and cautioning Bluestone that their failure to respond would result in the Sole Arbitrator exercising her authority to conclude the matter by issuing a final award.

21. No response was received from Bluestone, either by January 21, 2022, or anytime thereafter.

22. Whereafter, on February 9, 2022, the Sole Arbitrator issued Procedural Order No. 1, acceding to Petitioner's request to proceed to deliberate and issue a final award without a hearing pursuant to Article 15.8 of the LCIA Rules and requesting Petitioner to submit payment information and submissions as to its costs incurred in the arbitration.

23. On February 16, 2022, the Sole Arbitrator wrote to Bluestone at its principal place of business, as well as to Bluestone's counsel, enclosing Procedural Order No. 1 and inviting Bluestone to make any representation it wished by February 23, 2022.

24. On March 2, 2022, the LCIA directed Petitioner to pay a further advance for costs in the amount of GBP 8,000 (the "Further Advance"), which payment Petitioner duly made. Bluestone was not directed to make any payment due to its "non-participation to date."

25. On March 4, Petitioner requested and was granted an extension of the deadline for filing cost submissions, to March 11, 2022, with reply submissions due by March 18, 2022.

26. On March 17, the Sole Arbitrator again wrote to the Parties to confirm receipt of the Further Advance and of the Cost and Interest Submission from Petitioner, and to remind Bluestone that it was entitled to file any reply by March 18, 2022.

27. Receiving no responsive cost or interest submissions by March 18, the Sole Arbitrator thereafter deliberated.

28. Finding the Settlement Agreement between Petitioner and Bluestone to be genuine and binding, with no challenge as to its validity or enforceability on the record, the Sole Arbitrator issued the Final Award on April 7, 2022, in favor of Petitioner. (A true and accurate certified copy of the Final Award is annexed to the accompanying Declaration of Tara Smith as **Exhibit B**)

29. The Final Award held that Bluestone breached its payment obligations under the Settlement Agreement, and was therefore liable to the Petitioner for damages in the amount of USD 1,500,000, plus pre-award and post-award interest at a rate of 5% from the date that each unpaid installment was due until the date of payment. (*See* Exhibit B at ¶¶ 81, 90)

30. The Final Award also ordered Bluestone to bear Petitioner's Arbitration Costs in the sum of GBP 19,358.11 and Legal Costs in the amount of GBP 16,021, plus interest on these costs at a rate of 5% from the date of the Final Award until the date of payment.

31. Bluestone has failed to pay Petitioner the amount due under the Final Award, or any part thereof, although payment thereof has been duly demanded.

32. Pursuant to English law, the Final Award is binding on the parties.

## COUNT I

## RECOGNITION, CONFIRMATION AND ENFORCEMENT OF A FOREIGN ARBITRATION AWARD

33. Petitioner repeats and realleges paragraphs 1 through 32 herein with the same force and effect as if set forth at length.

34. Both England and the United States are signatories to the New York Convention, which provides that a court sitting in any signatory nation shall recognize and enforce a foreign arbitral award where: (a) certified copies of both the agreement to arbitrate and the arbitral award are submitted; (b) the petition for recognition and enforcement is timely filed; and (c) none of the enumerated defenses to recognition and enforcement are present. (9 U.S.C. § 207; New York Convention, arts. IV-V and list of party States, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38)

35. Certified copies of the Settlement Agreement containing the governing agreement to arbitrate and the Final Award are annexed to the accompanying Declaration of Tara Smith as Exhibits A and B, respectively.

36. This Petition is timely because it is made within three years after the date of the Final Award.

37. None of the enumerated defenses to recognition and enforcement listed in Article V of the New York Convention applies.

38. By reason of the foregoing, Petitioner respectfully requests that the Court issue an order recognizing and enforcing the Final Award and directing that judgment be entered thereon.

**WHEREFORE**, Petitioner respectfully requests that this Court:

1. Issue process in due form of law against the Respondent, citing it to appear and answer under oath all and singular the matters alleged in this Petition;

2. Recognize, confirm and convert the Final Award to a Judgment of this Court; to be entered in favor of Petitioner and against Respondent for the full amount of the Final Award, plus interest and cost as specified therein, *i.e.*:

    (a) the principal award in the amount of USD 1,500,000;

    (b) arbitration costs in the amount of GBP 19,359.11 (which amount was equal to USD 23,834.45 at the exchange rate in effect as of June 10, 2022);

    (c) legal costs in the amount of GBP 16,021 (which amount was equal to USD 19,725.29 at the exchange rate in effect as of June 10, 2022);

    (d) simple interest at the rate of 5% on the amounts award above as follows:

    (i) as to (a): from the due dates of the individual instalments (each in the amount of USD 500,000) on May 31, 2021, June 30, 2021, and July 30, 2021, until the date of payment; and

    (ii) as to (b) and (c): from the date of the Final Award (April 7, 2022) until the date of payment.

3.        Retain jurisdiction over this matter for any further or supplemental proceedings as may be necessary for the purpose of enforcing the Judgment and/or any further judgments that may be issued;

4.        Grant petitioner its costs and disbursements, including reasonable attorneys' fees, in pursuing the Judgment and enforcing the Final Award; and

5.        Grant such other relief as the Court may deem just and proper.

Dated:  June 13, 2022                                        Respectfully submitted,


By: */s/ Vincent J. Palmiotto*
Vincent J. Palmiotto (VSB No. 91200)
CLYDE & CO US LLP
1775 Pennsylvania Avenue, NW
Washington, DC 20006
T: (202) 747-5100
F: (202) 747-5150
E: Vincent.Palmiotto@clydeco.us

*Attorneys for Petitioner Visa Commodities AG*

## Verification

I, José Kahn, verify under penalty of perjury under the laws of the United States of America that I am authorized to make this verification on behalf of Petitioner VISA Commodities AG, have read the foregoing Verified Petition and know the contents thereof, and that the same are true to the best of my knowledge, except those matter alleged upon information and belief, and as to those I believe them to be true.

Executed on June 9 2022

_____